IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHARLIE ALLEN and wife, SHARON ALLEN, WILLIAM TUCKER, LLOYD DAVIS, STAN HOOKER and wife, LAMELVA HOOKER, KEN MERSHON and wife, RANELLE MERSHON, BOBBY C. WALKER and wife, JO DELLE WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> XCEL ENERGY, INC., and SOUTHWESTERN PUBLIC SERVICE COMPANY, <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§ Civil Action No. 2:11-cv-00242-J |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, CHARLIE ALLEN AND SHARON ALLEN, WILLIAM TUCKER, LLOYD DAVIS, STAN HOOKER AND LAMELVA HOOKER, KEN MERSHON AND RANELLE MERSHON, BOBBY C. WALKER AND JO DELLE WALKER, Plaintiffs herein, complaining of XCEL ENERGY, INC. and SOUTHWESTERN PUBLIC SERVICE COMPANY (hereinafter referred to as "DEFENDANTS"), Defendants herein, and for cause of action would respectfully show unto the Court the following:

## THE PARTIES

1. Plaintiffs, Charlie Allen and Sharon Allen, are both residents of Randall County, Texas.

2. Plaintiff, William Tucker, is a resident of Randall County, Texas.

3. Plaintiff, Lloyd Davis, is a resident of Randall County, Texas.

4. Plaintiffs, Stan Hooker and LaMelva Hooker, are both residents of Randall County, Texas.

5. Plaintiffs, Ken Mershon and Ranelle Mershon, are both residents of Randall County, Texas.

6. Plaintiffs, Bobby C. Walker and Jo Delle Walker, are both residents of Randall County, Texas.

7. Defendant, Xcel Energy, Inc. is a foreign corporation doing business in the State of Texas and in Randall County, Texas.  Xcel Energy, Inc. and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

8. Defendant, Southwestern Public Service Company is a foreign corporation doing business in the State of Texas and in Randall County, Texas.  Southwestern Public Service Company and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION & VENUE

9. Jurisdiction is proper in this court because the suit is for damages and excess of the jurisdictional limits of this court.  Plaintiffs have been damaged in the amount of excess of seventy-five thousand dollars ($75,000.00).

10. This matter in controversy is between citizens of different states. The matter in controversy exceeds the sum of value of seventy-five thousand dollars ($75,000.00) inclusive of interest and costs.

11. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS OR ALLEGATIONS

13. Plaintiffs are land owners and/or lessees of land in Randall County, Texas. On February 27, 2011, a fire started at or near 415 Palomino, Amarillo, Randall County, Texas, the property of the Permenter family. It was later determined after the fire which destroyed numerous residences and caused other real and personal property damages, that the energized power lines ignited the fire which is the subject of this lawsuit.

14. The fire was caused when an energized power line came into contact with a metal pipe fence as a result of high winds and/or shoddy maintenance caused the energized power line to arch with the metal fencing in the area. The fire then spread rapidly consuming, homes, buildings and other structures. Plaintiffs were among those who lost their homes and/or personal property or both as a direct result of this fire.

15. Defendants had a duty and were required to properly secure, maintain and monitor their energized power lines in order to avoid sparking and potential fires within the electrical power line distribution line system and their routing.

## NEGLIGENCE OF ALL DEFENDANTS

16.     Defendants failed to keep an easement and electrical power line system in a safe and proper manner. Defendants failed to maintain and inspect the content of the transmission and/or distribution of their energized power lines. Pleading in the alternative, Defendants delayed maintenance of their energized power lines. Defendants were further negligent in failing to use a low flying helicopter to inspect large sections of land covered by power lines like those from Texas-New Mexico Power Company in south Texas and other power companies. Such failure was negligence as that term was known in Texas law, and it was a proximate cause of the fire in question that consumed and damaged Plaintiffs' property. Prior to this fire, numerous persons in the area requested that Defendants properly maintain their power lines and easement right of ways. Despite many such requests, Defendants repeatedly refused to undertake that work despite their objective and subjective knowledge and the danger and risk of loose power lines causing fires. Instead, they consciously disregarded that risk, as it consequents its negligence rose to the level of gross negligence is that term as known in Texas Law, in such gross negligence was a proximate cause of the Plaintiffs' damages.

## Res Ispa Liquitor

17.     The doctrine of Res Ispa Liquitor applies to this action in that it is conclusive that the fire would not have started without the negligence of Defendants and the power lines which started the fire causing the injury were at all times under the sole care and control of Defendants.

18.     Plaintiffs had no knowledge of this danger and did nothing to contribute to the fire in this matter.

19.     Specifically, Defendants allowed their wire to sag and fall during high winds. Defendants failed to keep the wire properly maintained to avoid arcing or breakage during high

winds. Further, Defendants failed to keep vegetation and debris from the easement which in turn could cause breakage and fire during high winds. Thus, the actions set forth above were the proximate cause of the damages in this matter. It is common knowledge that the winds in the Texas Panhandle are known to blow in excess of 60-70 miles per hour.

## BREACH OF CONTRACT

20.     Plaintiffs and Defendants entered into a valid and enforceable contract of which Defendant has a copy of the "service agreement." The contract provided that Plaintiffs would pay for electricity used in their home. Plaintiffs performed their contractual obligations. Defendants agreed to provide electrical power to the same without burning down the Plaintiffs' property.  Defendants breached said contract by failing to comply with the contract and properly provide electricity to the Plaintiffs' property without damaging the same.  Defendants' non-performance is a breach of the parties' contract.   Plaintiffs' damages are a direct and proximate result of the Defendants' breach of the contract. Plaintiffs further agree to abate any and all breach of contract claims until such time as Defendants have received their statutory notice letters.

## DTPA

21.     Plaintiffs are consumers under the DTPA because plaintiffs are individuals who purchased goods and services from Defendants and are consumers as that term is understood by law.  Defendants are corporations that can be sued under the DTPA.  At all times pertinent hereto, Defendants' acts and/or omissions were committed "knowingly" as that term is used in the Texas Deceptive Trade Practices Act pursuant to Texas Business & Commerce Code §17.50(b)(1). Defendants have had knowledge of the dangers of high winds and fire danger as a result of Defendants' participation in a lawsuit filed in 100th Judicial District of Carson County,

Texas as a result of a fire occurring on or about March 12, 2006 which destroyed real and personal property and resulted in the deaths of several people wherein Defendant was the Intervenor in that action and was adverse to all Defendants in that action.

22.     Defendants violated the DTPA by engaging in false, misleading, deceptive acts and practices that Plaintiffs relied up on to their detriment.  Specifically, Defendants:

   A. passing goods or services as those of another;

   B. causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services;

   C. representing that goods and services are of a particular standard, quality, or grade when they were not; and

   D. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities they do not have.

23.     Defendants' violations of the DTPA are a proximate cause of the damages sustained by Plaintiffs. Plaintiffs further agree to abate any and all DTPA claims until such time as Defendants have received their statutory notice letters.

## DAMAGES

24.     Plaintiffs have each sustained damages of the real and personal property.  In the aggregate it is the same property damage in the amount in excess of $75,000.00.  Plaintiffs seek their actual damages against the Defendants.  Further, Plaintiffs have suffered damages for mental anguish as the actions of Defendants caused the particularly disturbing and upsetting event in that several Plaintiffs lost their home and everything they own in this fire.  Further, as a result of the mental anguish, Plaintiffs suffered physical manifestation due to the same. Plaintiffs seek punitive damages against Defendants in twice the amount of their actual damages and

attorneys' fees. In addition, Plaintiffs seek treble damages pursuant to the DTPA and attorneys' fees for "knowingly" committing each such act and/or omission.

## CONCLUSION

25.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof, Plaintiffs recover their damages as specified above from the Defendants plus punitive damages, costs of court and pre-judgment and post-judgment interest at the legal rate in an amount to be determined by a trier of fact of no more than $5,000,000.00; and that Plaintiffs have such other and further relief, general and special, at law and in equity, to which they may be justly entitled under the facts and circumstances.

        Respectfully submitted,

        **THE WEBSTER LAW FIRM**

        /s/ Jason C. Webster
        JASON C. WEBSTER
        Texas Bar No. 24033318
        6200 Savoy Dr., Suite 515
        Houston, Texas 77036
        (713) 581-3900 (telephone)
        (713) 581-3907 (facsimile)
        **ATTORNEY FOR PLAINTIFFS**

        MICHAEL A. WARNER
        **THE WARNER LAW FIRM**
        Texas Bar No. 20872700
        101 SE 11$^{th,}$ Suite 301
        Amarillo, Texas 79101-2393
        (806) 372-2595 (telephone)
        (866) 397-9054 (facsimile)
        **ATTORNEY FOR PLAINTIFFS**